IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ANNA MAE TERRY, | : | Civil No. 1:12-CV-263 |
| | : | |
| Plaintiff | : | |
| | : | (Judge Conner) |
| v. | : | |
| | : | (Magistrate Judge Carlson) |
| NORTHROP GRUMMAN | : | |
| HEALTH PLAN, | : | |
| | : | |
| Defendants | : | |

**MEMORANDUM OPINION AND ORDER**

I. **Statement of Facts and of the Case**

This is an action brought challenging the denial of benefits under ERISA. (Doc. 1.) According to the Plaintiff's complaint, "this is a claim for breach of fiduciary duty and a claim of life insurance benefits." (Id., ¶3.) The Defendant has filed a motion to dismiss which seeks, *inter alia*, dismissal of the Plaintiff's breach of fiduciary duty claim. (Docs. 7-10.) That motion is pending before another judicial officer.

The parties are now embroiled in a discovery dispute relating to a limited request for discovery by the Plaintiff, discovery which would relate solely to the breach of fiduciary duty claim articulated by the Plaintiff in her complaint, and challenged by the Defendant in its motion to dismiss. The gist of this breach of

fiduciary duty claim is that the Defendant breached a duty owed to the Plaintiff by failing to provide the Plaintiff with timely notice and documentation to allow the Plaintiff to effectuate conversion of these benefits when her spouse's employment was terminated. (Doc. 1, ¶¶19-20.) The Plaintiff wishes to undertake very limited and targeted depositions to ascertain whether the Defendant had an obligation to send such notice to Plaintiff, and to determine whether Defendant failed to fulfill this duty. The Defendant has filed a motion for protective order seeking to prohibit or narrowly tailor this discovery, which has been referred to the undersigned. (Docs. 21-24.) This motion has been briefed by the parties and is ripe for resolution.

For the reasons set forth below the motion will be conditionally granted.

**II.     Discussion**

Several basic guiding principles inform our resolution of the instant discovery dispute. At the outset, it is well-settled that rulings regarding the proper scope of discovery, and the extent to which discovery may be compelled or prohibited, are matters consigned to the court's discretion and judgment. Wisniewski v. Johns-Manville Corp., 812 F.2d 81, 90 (3d Cir. 1987). Thus, a court's decisions regarding the conduct of discovery will be disturbed only upon a showing of an abuse of discretion. Marroquin-Manriquez v. I.N.S., 699 F.2d 129, 134 (3d Cir. 1983). This

far-reaching discretion extends to rulings by United States Magistrate Judges on discovery matters. In this regard:

> District courts provide magistrate judges with particularly broad discretion in resolving discovery disputes. See Farmers & Merchs. Nat'l Bank v. San Clemente Fin. Group Sec., Inc., 174 F.R.D. 572, 585 (D.N.J.1997). When a magistrate judge's decision involves a discretionary [discovery] matter . . . , "courts in this district have determined that the clearly erroneous standard implicitly becomes an abuse of discretion standard." Saldi v. Paul Revere Life Ins. Co., 224 F.R.D. 169, 174 (E.D.Pa.2004) (citing Scott Paper Co. v. United States, 943 F.Supp. 501, 502 (E.D.Pa.1996)). Under that standard, a magistrate judge's discovery ruling "is entitled to great deference and is reversible only for abuse of discretion." Kresefky v. Panasonic Commc'ns and Sys. Co., 169 F.R.D. 54, 64 (D.N.J.1996); see also Hasbrouck v. BankAmerica Hous. Servs., 190 F.R.D. 42, 44-45 (N.D.N.Y.1999) (holding that discovery rulings are reviewed under abuse of discretion standard rather than de novo standard); EEOC v. Mr. Gold, Inc., 223 F.R.D. 100, 102 (E.D.N.Y.2004) (holding that a magistrate judge's resolution of discovery disputes deserves substantial deference and should be reversed only if there is an abuse of discretion).

Halsey v. Pfeiffer, No. 09-1138, 2010 WL 3735702, *1 (D.N.J. Sept. 17, 2010).

In ERISA litigation, claims regarding a breach of fiduciary duty may on occasion entail disputed issues of fact. See Bixler v. Central Pennsylvania Teamsters Health & Welfare Fund, 12 F.3d 1292 (3d Cir. 1993). Where disputed factual issues define a breach of fiduciary duty claim, we believe that limited discovery pertaining solely to the issues of breach of fiduciary duty may be appropriate. See e.g., Welch v. Metro. Life Ins. Co., 480 F.3d 942, 949-950 (9th Cir.2007) (noting some discovery

aimed at demonstrating a conflict of interest may be appropriate in an ERISA action); Fowler v. Aetna Life Ins. Co., 615 F. Supp. 2d 1130, 1135 (N.D. Cal. 2009). Therefore, if Terry's breach of fiduciary duty claim survives the pending motion to dismiss, we conclude that the limited discovery sought by the Plaintiff may be relevant, and appropriate, with respect to that claim. However, we also believe that this discovery should await the resolution of this motion to dismiss.

### III.   Conclusion

These countervailing considerations guide our resolution of this discovery dispute. For the foregoing reasons:

1. The Defendant's motion for protective order will be DENIED, conditionally.

2. The Plaintiff will be permitted to conduct limited discovery relating to this breach of fiduciary duty claim, once the motion to dismiss is decided, provided the motion to dismiss is not granted with respect to this pending claim. Such discovery should be conducted within 60 days of the resolution of the motion to dismiss and any such depositions shall be conducted by video-conference to avoid undue disruption of the witnesses' lives and work schedules.

So ordered this 14th day of September 2012.

*<u>S/Martin C. Carlson</u>*
Martin C. Carlson
United States Magistrate Judge