# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANNA MAE TERRY | NO. 1:12-CV-263 |
| v. | JUDGE CONNER |
| NORTHROP GRUMMAN HEALTH PLAN | MAGISTRATE JUDGE METHVIN |

### REPORT AND RECOMMENDATION ON MOTION TO DISMISS AND MOTION FOR LEAVE TO FILE AMENDED COMPLAINT
(Docs. 7, 12)

Anna Mae Terry filed this ERISA action on February 10, 2012. (Doc. 1). She brings claims for life insurance benefits (Count I), breach of fiduciary duty (Count II), statutory penalties (Count III), and a state claim for life insurance benefits (Count IV). Named as defendant is Northrop Grumman Health Plan, a health and welfare benefit plan as defined by ERISA. This court has jurisdiction pursuant to 29 U.S.C. §1132 and 28 U.S.C. §1367.

Before the court are two motions: 1) Northrop's motion to dismiss Counts II and IV;[1] and 2) Terry's motion for leave to file an amended complaint.[2] Both

---

[1] Northrop filed a motion to dismiss and supporting brief on April 13, 2012 (Docs. 7, 8). Terry filed a brief in opposition to the motion to dismiss on April 17, 2012 (Doc. 10), to which Northrop filed a reply brief on May 1, 2012 (Doc. 11).

[2] Terry filed her motion for leave to file an amended complaint on May 18, 2012 (Doc. 12) along with a supporting brief. (Doc. 13). Northrop filed a brief in opposition to that motion on June 4, 2012 (Doc. 14), to which Terry filed a reply brief on June 15, 2012. (Doc. 20).

motions are opposed. They have been referred to the undersigned for a report and recommendation and are now ripe for disposition.

## FINDINGS AND RECOMMENDATIONS

**I. Background**

For purposes of the motion to dismiss, Terry's factual averments will be accepted as true. Terry makes the following allegations in her complaint:

Terry's husband, David Terry, was employed by Northrop, which sponsored the Northrop Grumman Health Plan as an employee benefit. Through the life insurance portion of the plan, David obtained both basic life insurance coverage of $50,000 and optional coverage of $60,000. (Doc. 1 ¶¶ 5-10). Plaintiff is the beneficiary of the policies. (*Id*. ¶ 16). The insurance plan also provides continuation of coverage through conversion or portability.[3] (*Id*. ¶ 11). The terms of the insurance plan provide that conversion or portability must be applied for within 31 days of the date coverage ends. (*Id*. ¶ 14).

On September 1, 2010, David was informed that his basic life insurance would be effective from that date until June 30, 2011 and that the cost for the optional insurance was $424.80. (*Id*. ¶ 17). On October 18, 2010, David was

---

[3] Conversion allows an individual to convert all or a portion of the terminating coverage to an individual policy whereas portability allows an individual to continue all or a portion of the optional coverage under the insurance plan. (Doc. 1 ¶¶ 12, 13)

informed he would be laid off from work, effective October 29, 2010. (*Id*. ¶ 18). Prior to his layoff and extending 31 days after coverage ended, David did not receive notice of his rights to convert or port his insurance. (*Id*. ¶ 19). David died on January 2, 2011 as the result of a heart attack. (*Id*. ¶ 21).

After Terry inquired about the life insurance benefits, Northrop sent the required notice of conversion/portability rights on February 23, 2011. (*Id*. ¶ 22). Northrop denied Terry's claim for life insurance benefits on February 22, 2011. Terry appealed on June 23, 2011. (*Id*. ¶¶ 23, 24). Northrop upheld the denial of benefits on September 12, 2011, asserting that David had never completed the necessary forms to convert or port his life insurance benefits. (*Id*. ¶ 25).

Terry requested copies of all relevant documents regarding her claim for life insurance on October 12, 2011, and she claims she had still not received the actual plan documents as of February, 2012. (*Id*. ¶¶ 26, 27). The present action followed.

**II. Issues Presented**

Northrop asserts the following grounds for dismissal:

A.   Count II of the complaint should be dismissed because a claim for breach of fiduciary duty under 29 U.S.C. 1132(a)(3) only affords injunctive relief or "other appropriate relief," and is not a ground for recovery of disputed benefits.

  B. Count IV of the complaint, which seeks recovery of benefits under state law, should be dismissed because the cited statute provides no private right of action and is preempted by ERISA.

With respect to her motion for leave to file an amended complaint, Terry raises the following ground for relief:

  C. In the absence of any undue delay, bad faith or dilatory motive, and mindful that leave to amend is to be freely given, Terry should be permitted leave to amend Count II to request equitable relief and thus establish that it is not merely a claim for recovery of benefits.

## III. Standard of Review

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of claims that fail to assert a basis upon which relief can be granted. When considering a motion to dismiss, the court must "accept all [of plaintiff's] factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Phillips v. County of Allegheny,* 515 F.3d 224, 233 (3d Cir. 2008) (citing *Pinker v. Roche Holdings Ltd.*, 292 F.3d 361, 374 n.7 (3d Cir. 2002)). *See also Matrixx Initiatives, Inc. v. Siracusano*, 131 S. Ct. 1309, 1322–23 (2011).

The complaint must set forth sufficient facts to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The

question is not whether the plaintiff will ultimately prevail, but whether the "complaint [is] sufficient to cross the federal court's threshold." *Skinner v. Switzer*, 131 S. Ct. 1289, 1296 (2011)(citing *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 514 (2002)).

Although Rule 8(a)(2) requires only a "short and plain statement of the claim showing that the pleader is entitled to relief," a plaintiff must do more than present "bald assertions" and "legal conclusions." *In re Burlington Coat Factory Secs. Litig.*, 114 F.3d 1410, 1429–30 (3d Cir. 1997).

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do. Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true.

*Twombly*, 550 U.S. at 545 (citations omitted). Plaintiffs must nudge their claims "across the line from conceivable to plausible." *Id.* at 570. *See also Phillips,* 515 F.3d at 232.

A plaintiff "armed with nothing more than conclusions" is not entitled to discovery. *Ashcroft v. Iqbal*, 556 U.S. 662, 679, 129 S. Ct. 1937, 1950 (2009). Consequently, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not

'show[n]'—'that the pleader is entitled to relief,'" and the complaint should be dismissed. *Id.* (quoting Fed. R. Civ. P. 8(a)(2)) (alteration in original).

The "plausible grounds" requirement "does not impose a probability requirement at the pleading stage; it simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence" supporting the plaintiff's claim for relief. *Twombly*, 550 U.S. at 556. Determining plausibility is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 129 S. Ct. at 1950 (*citing Twombly*, 550 U.S. at 557–58).

The Third Circuit has outlined a two-part analysis that courts should utilize when deciding a motion to dismiss for failure to state a claim. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). First, the factual and legal elements of a claim should be separated. In other words, while courts must accept all of the complaint's well-pleaded facts as true, they may disregard any legal conclusions. Second, courts then decide whether the facts alleged in the complaint are sufficient to demonstrate that the plaintiff has a "'plausible claim for relief.'" *Id.* at 210 (quoting *Iqbal*, 129 S. Ct. at 1950). That is, a complaint must do more than allege the entitlement to relief; its facts must show such an entitlement. *Id.* at 211.

**IV. Discussion**

*(A) Is Count II (Breach of fiduciary duty) precluded?*

Northrop contends that Count II of the complaint seeks the same relief as Count I— recovery of life insurance proceeds, plus costs, interest, and attorneys fees—and that Count II therefore should be dismissed. [4]

Northrop also argues that the statutory provision cited in support of Count II, 29 U.S.C. §1132(a)(3), authorizes only equitable relief, not recovery of benefits. Under this provision, a plan beneficiary may bring suit in federal court "to enjoin any act or practice which violates ... the terms of the plan" or "to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce ... the terms of the plan." 29 U.S.C. § 1132(a)(3)(A)–(B). Recovery under § 1132(a)(3) is limited to "those categories of relief that were typically available in equity," such as injunctive remedies and equitable restitution. *Great-W. Life & Annuity Ins. Co. v. Knudson*, 534 U.S. 204, 210-16, 122 S.Ct. 708, 151 L.Ed.2d 635 (2002); *see also Thomas v. Town of Hammonton*, 351 F.3d 108, 115 (3d Cir.2002). A plaintiff cannot obtain traditional forms of legal redress under

---

[4] Count I cites 29 U.S.C. § 1132 (a)(1)(B), which provides a private right of action to an ERISA plan participant or beneficiary "to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan."

§ 1132(a)(3), including compensatory damages for breach of contract or fiduciary duty. *See Knudson*, 534 U.S. at 210 ("A claim for money due and owing under a contract is quintessentially an action at law." (citation omitted)); *Mertens v. Hewitt Assocs.*, 508 U.S. 248, 256-58, 113 S.Ct. 2063, 124 L.Ed.2d 161 (1993) (holding that compensatory damages are not recoverable under ERISA); *Santasania v. Union Travel Trades Benefit Funds of Cent. Pa.*, No. 3:01-CV-1442, 2003 WL 256778, at *3 (M.D. Pa. Feb.4, 2003) ("[A] beneficiary's claim for insurance money she claimed she would have received if not for fiduciary's breach of duty was a claim for legal relief, which *Knudson* forecloses.").

In *Varity v. Howe*, 516 U.S. 489 (1996), the Supreme Court held that a group of beneficiaries who were denied benefits under an ERISA plan could bring an individual action for breach of fiduciary duty under § 1132(a)(3)(B). Because the former employees could not proceed under § 1132(a)(1)(B) or § 1132(a)(2), the Court found that suit was proper under § 1132(a)(3)(B), which entitles beneficiaries to seek "other appropriate equitable relief" to redress violations of ERISA. The Court stated that § 1132(a)(3)(B) was a "'catchall' remedial section" that afforded litigants equitable relief for violations of ERISA when no other remedial section applied. *Varity*, 515 U.S. at 511. However, the Court observed that "where Congress elsewhere provided adequate relief for a beneficiary's injury,

there will likely be no need for further equitable relief, in which case such relief normally would not be "appropriate." *Id.* at 515. This Circuit has noted that actions for breach of fiduciary duty are appropriate where the plaintiff "has no alternative means of recovering for his losses." *Ream v. Frey*, 107 F.3d 147, 152 (3d Cir.1997) (citing *Varity, supra*).

The Courts of Appeal have split on the issue of whether a plaintiff may proceed with potentially-overlapping claims for both recovery of benefits and breach of fiduciary duty. *Compare Katz v. Comprehensive Plan of Group Ins.*, 197 F.3d 1084, 1088 (11th Cir.1999) (affirming the district court's dismissal of the plaintiff's equitable claims because plaintiff had an available adequate remedy under the law, even though plaintiff did not prevail on the merits of the Section 502(a)(1)(B) claim); *Tolson v. Avondale Indus., Inc.*, 141 F.3d 604, 610 (5th Cir.1998) (affirming the district court's holding that plaintiff was precluded from bringing a claim for equitable relief where an ERISA plaintiff had the right to sue for recovery of benefits pursuant to the plan.) *with Devlin v. Empire Blue Cross & Blue Shield*, 274 F.3d 76, 89 (2d Cir.2001) (holding that *Varity* did not preclude a plaintiff from bringing claims under both sections simultaneously.); *Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1475 (9th Cir.1997) (affirming the district court's

grant of summary judgment for the defendants on the 1132(a)(3) claim where plaintiffs had already won a judgment for damages pursuant to 1132(a)(1)).

The Third Circuit has not ruled on the issue, and district courts within the circuit are split. Some cases have held that a claim under §1132 (a)(3) may proceed, reasoning that "a plaintiff is only precluded from seeking equitable relief under § 1132(a)(3)(B) when a court determines that plaintiff *will certainly receive or actually receives adequate relief* for her injuries under § 1132(a)(1)(B) or some other ERISA section." *Parente v. Bell Atlantic–Pennsylvania*, No. 99–5478, 2000 WL 419981 at *3 (E.D. Pa. April 18, 2000)(emphasis supplied). *See also Trechak v. Seton Company Supplemental Executive Retirement Plan,* No. 10-227, 2010 WL 5071273 (E.D. Pa. Nov. 24 2010) (allowing plaintiff to plead his claims under §1132 (a)(1)(B) and §1132 (a)(3) in the alternative, in the absence of guidance from the Third Circuit); *Tannenbaum v. UNUM Life Ins. Co. of Am.,* No. 03-CV-1410, 2004 WL 1084658, at *4 (E.D. Pa. Feb. 27, 2004) (allowing plaintiff to pursue claims under § 1132(a)(3) and for recovery of benefits at dismissal stage because "[a]t this stage, we cannot know whether Plaintiff will be able to prove his entitlement to benefits under § 1132(a)(1)(B)").

Other district court cases have held that a claim under §1132(a)(3)(B) is precluded if there is an alternative ground for recovery of disputed benefits. *Miller*

*v. Mellon Long Term Disability Plan,* Civ. A. No. 09–1166, 2010 WL 2595568, at *6 (W.D. Pa. June 25, 2010) (dismissing plaintiffs' claim for equitable relief under § 1132 (a)(3) because it was essentially duplicative of the claim for money damages under section 1132 (a)(1)(B)); *Cohen v. Prudential Ins. Co.*, Civ. A. No. 08–5319, 2009 WL 2488911 (E.D. Pa. Aug.12, 2009), *reconsideration denied by* 2010 WL 1257659 (E.D. Pa. Mar.25, 2010) (dismissing claim for equitable relief under § 1132(a)(3) because the plaintiffs failed to demonstrate in their complaint or their response to the motion to dismiss why they did not have an adequate remedy under § 1132(a)(1)(B), or why a sought-after remedy was only available under § 1132(a)(3)).

In the present matter, Terry contends that relief under § 1132 (a)(1)(B) may prove unsuccessful because her deceased husband did not convert his life insurance plan. However, she contends that his failure to convert is attributable to Northrop, which failed to provide the proper notice of conversion rights.

Terry's likelihood of obtaining relief on Count I is uncertain and thus, absent controlling case law to the contrary, allowing her to pursue alternative theories of relief should not be foreclosed. Moreover, by allowing Terry to proceed on both claims in the alternative, Northrop may properly reassert the argument that the plaintiff cannot recover under both ERISA sections at the

12

summary judgment stage when the propriety of the requested relief can be assessed in light of a fully developed factual record. *Koert v. GE Grp. Life Assur. Co.*, No. 04–CV–5745, 2005 WL 1655888, at *3 (E.D. Pa. July 14, 2005)(denying motion to dismiss and allowing plaintiff to proceed on claims for wrongful denial of benefits and breach of fiduciary duty simultaneously).

Accordingly, it is recommended that the motion to dismiss be denied on Count II.

*(B) Is the state law claim for insurance benefits (Count IV) preempted by ERISA?*

Northrop also seeks dismissal of Count IV, a state law claim for life insurance benefits pursuant to 40 P.S. § 532.7,[5] arguing it is preempted by ERISA. Terry contends that Count IV is not preempted by ERISA because § 532.7

---

[5] § 532.7. Notice of conversion privileges

    If any individual insured under a group life insurance policy hereafter delivered in this State becomes entitled under the terms of such policy to have an individual policy of life insurance issued to him without evidence of insurability, subject to making of application and payment of the first premium within the period specified in such policy, and if such individual is not given notice of the existence of such right at least fifteen days prior to the expiration date of such period, then, in such event the individual shall have an additional period within which to exercise such right, but nothing herein contained shall be construed to continue any insurance beyond the period provided in such policy. This additional period shall expire fifteen days next after the individual is given such notice but in no event shall such additional period extend beyond sixty days next after the expiration date of the period provided in such policy. Written notice presented to the individual or mailed by the policyholder to the last known address of the individual or mailed by the insurer to the last known address of the individual as furnished by the policyholder shall constitute notice for the purpose of this section.

regulates insurance, and thus it falls under the ERISA savings clause. The latter clause states, "[e]xcept as provided in subparagraph (B), nothing in this subchapter shall be construed to exempt or relieve any person from any law of any State which regulates insurance, banking, or securities." 29 U.S.C. § 1144(b)(2)(A). *See Kentucky Ass'n of Health Plans, Inc. v. Miller*, 538 U.S. 329, 333, 123 S.Ct. 1471, 155 L.Ed.2d 468 (2003) (noting that the ERISA preemption clause is not absolute. Under ERISA's savings clause, a state law that regulates insurance is "saved from preemption.")

The ERISA preemption provision, § 1144 (a) (also known as "Section 514(a)"), provides that ERISA "shall supersede any and all State laws insofar as they ... relate to any employee benefit plan" covered by the statute. 29 U.S.C. § 1144(a). This provision preempts both state common law and statutory causes of action. *See Ingersoll–Rand Co. v. McClendon*, 498 U.S. 133, 138, 111 S.Ct. 478, 112 L.Ed.2d 474 (1990). "[T]he ERISA preemption provision was designed to eliminate the threat of conflicting or inconsistent State and local regulation of employee benefit plans." *Kollman v. Hewitt Assocs., L.L.C.*, 487 F.3d 139, 149 (3d Cir.2007) (internal citations omitted).

In recent years, the scope of § 514(a) has been interpreted as significantly broader than in the past. *Kirshy v. Life Ins. Co. of North America*, No. 3:10-CV-

2345, 2011 WL 1691097, *2 (M.D. Pa. May 4, 2011). Under *Ingersoll-Rand*, a law was said to "relate to" an employee benefit plan if it had a connection with or reference to such a plan, even if it was not designed to affect such plans or does so only indirectly. *Ingersoll–Rand*, 498 U.S. at 138. More recently, the Supreme Court has held that any state law cause of action that duplicates, supplements, or supplants the ERISA civil enforcement remedy conflicts with the clear Congressional intent to make the ERISA remedy exclusive, and is therefore preempted. *Aetna Health, Inc. v. Davila*, 542 U.S. 200, 124 S.Ct. 2488, 159 L.Ed.2d 312 (2004).

In the Third Circuit, a distinction was initially drawn between claims directed at the quality of the benefits received, and those asserting that benefits have been erroneously withheld, with the latter, but not the former, held to be preempted by § 514(a). *Dukes v. U.S. Healthcare, Inc.*, 57 F.3d 350 (3d Cir.1995). Subsequently, the Third Circuit held that claims over the quantum of benefits paid out under an ERISA-regulated insurance plan, even when couched in terms of a common law breach of contract claim, are completely preempted, *Przybowski v. U.S. Healthcare*, 245 F.3d 266 (3d Cir.2001), and that claims brought under

Pennsylvania's bad faith statute were also preempted. *Barber v. Unum Life Ins. Co. of America*, 383 F.3d 134, 140 (3d Cir.2004).[6]

In determining whether a state law regulates insurance, the Third Circuit has applied a two-part test propounded by the Supreme Court in *Miller*. First, the law must be specifically directed toward entities engaged in insurance, and secondly, the law must substantially affect the risk pooling arrangement between the insurer and the insured. *Miller*, 538 U.S. at 342.

In the present case, Northrop cites a New Jersey statute similar to § 532.7 which addresses the requirement that a notice of conversion rights to be given to an individual. N.J.S.A. 17B:27–73.[7] The District of New Jersey has held that the

---

[6] Additionally, at least one Eastern District of Pennsylvania court has found that a claim brought under Pennsylvania's UTPCPL is preempted by ERISA. *See Viechnicki v. Unumprovident Corp.*, No. 06–CV–2460, 2007 WL 433479 (E.D. Pa. Feb. 8, 2007).

[7] 17B:27-73. Entitlement to individual life insurance policy; notice of right

If an individual insured under a group insurance policy hereafter delivered or issued for delivery in this State becomes entitled under the terms of the policy to have an individual policy of life insurance issued without evidence of insurability, subject to making application and payment of the first premium within the period specified in the policy, and if the individual is not given notice of the existence of the right at least 15 days prior to the expiration date of the period, then the individual shall have an additional period within which to exercise the right, but nothing herein contained shall be construed to continue any insurance beyond the period provided in the policy. This additional period shall expire 15 days after the individual is given notice but in no event shall the additional period extend beyond 60 days after the expiration date of the period provided in the policy. Written notice presented to the individual or mailed by the policyholder to the last

(continued...)

statute does not satisfy the requirements for the savings clause, and is not excepted from preemption:

> First, the statute is not specifically directed to the insurance industry, but rather may be directed toward either the insurer or the employer. In fact, Plaintiff is trying to hold an employer, not an insurer, liable for violating the statute. Second, given that the statute simply regulates the notice of rights, it cannot be said to substantially affect the risk pooling between the insurer and the insured.

*Estate of Trovato v. Marcal Manufacturing LLC,* No. 11-CV-181, 2011 WL 4550169, *4 (D.N.J. Sept. 29, 2011).

The *Trovato* case is persuasive and relevant, since it addressed a statute with wording nearly identical to the Pennsylvania statute at issue. Like the New Jersey statute, 40 P.S. § 532.7, is "related to" an employee benefit plan and is directed at notice requirements as they relate to a benefit plan. *Id*. If claims under § 532.7 were not preempted by ERISA, the potential would exist for inconsistent and conflicting results in the regulation of employee benefit plans. *Id*. Such a finding is in line with decisions by several other courts holding that state law claims (both statutory and common law) arising from an allegedly improper notice of an individual's right to convert a group life insurance policy to an individual policy

---

[7](...continued)
known address of the individual or mailed by the insurer to the last known address of the individual as furnished by the policyholder shall constitute notice for the purpose of this section.

are preempted by ERISA. *See e.g. Howard v. Gleason Corp.,* 901 F.2d 1154 (2d Cir.1990); *Campo v. Oxford Health Plans,* No. 06–CV–4332, 2007 WL 1827220 (D.N.J. June 26, 2007)*; Noel v. Laclede Gas Co.,* 612 F.Supp.2d 1051 (E.D. Mo. 2009)*; Rogers v. Rogers and Partners, No.* 08–CV–11730, 2009 WL 5124652 (D. Mass. July 27, 2009); *Strohmeyer v. Metropolitan Life Ins. Co.*, 365 F.Supp.2d 258 (D. Conn.2005).

There is no persuasive reason to hold that 40 P.S. § 532.7 is not preempted. Accordingly, it is recommended that the motion to dismiss Count IV be granted.

*(C) Motion for leave to file an amended complaint*

Rule 15 of the Federal Rules of Civil Procedure governs amendments and supplementation of pleadings. Fed.R.Civ.P. 15. Rule 15(a) authorizes a party to amend his pleading once as a matter of course within 21 days after serving it, or if the pleading is one to which a responsive pleading is required, 21 days after service of the responsive pleading, or 21 days after service of a dispositive motion under Rule 12, whichever is earlier. Fed.R.Civ.P. 15(a)(1)(A) and (B). "In all other cases, a party may amend its pleading only with the opposing party's written consent, or the court's leave." Fed.R.Civ.P. 15(a)(2).

The Rule clearly states that "[t]he court should freely give leave when justice so requires." *Id*. Nonetheless, the policy favoring liberal amendments is not

"unbounded." *Dole v. Arco Chem. Co.*, 921 F.2d 484, 487 (3d Cir.1990). The decision whether to grant or to deny a motion for leave to amend rests within the sound discretion of the district court. *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962); *Waterfront Renaissance Assoc. v. Phila.*, 701 F.Supp.2d 633, 639 (E.D. Pa.2010). A district court may deny leave to amend a complaint where "it is apparent from the record that (1) the moving party has demonstrated undue delay, bad faith or dilatory motives, (2) the amendment would be futile, or (3) the amendment would prejudice the other party." *Lake v. Arnold*, 232 F.3d 360, 373 (3d Cir.2000) (citing *Foman*, 371 U.S. at 182, 83 S.Ct. 227).

Terry seeks leave to amend Count II to seek equitable relief, *to wit*., that the Plan be ordered to obtain a policy on behalf of Terry's deceased husband as if he had converted his policy. Terry contends that the amendment should be permitted inasmuch as there is no undue delay, bad faith or dilatory motives. Northrop asserts amendment would be futile and that the equitable relief sought is not possible because a life insurance policy cannot be issued to a deceased person. Northrop contends, moreover, that the equitable relief Terry seeks is really just a vehicle for the payment of monetary benefits.

If the court agrees with the recommendation that Count II be allowed to proceed, the motion for leave to amend appears to be moot. It is also noted that

the amendment proposed by Terry is questionable inasmuch as it seeks issuance of a life insurance policy to a deceased person. The undersigned therefore recommends that the motion for leave to amend be denied.

## V. Recommendation

Based on the foregoing, it is respectfully recommended that Northrop's motion to dismiss (Doc. 7) be granted on Count IV and denied on Count II. It is also recommended that Terry's motion for leave to file an amended complaint (Doc. 12) be denied as moot.

Signed on December 3, 2012

MILDRED E. METHVIN
U. S. MAGISTRATE JUDGE